**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Erasmo VILLA–SOSA, Defendant–Appellant.**

No. 15–50194.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 25, 2015.*

Filed Sept. 1, 2015.

Peter Ko, Assistant U.S., Susan Leah Park, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lynn Howard Ball, Law Office of Lynn H. Ball, San Diego, CA, for Defendant–Appellant.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Erasmo Villa–Sosa appeals from the district court's judgment and challenges the 12–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Villa–Sosa contends that the district court erred by failing to address the al-leged sentencing disparity created by its determination that a two-level, rather than a four-level, fast-track departure was warranted under U.S.S.G. § 5K3.1. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court sufficiently explained the sentence; it was not required to "tick off" each of the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc). Moreover, Villa–Sosa's sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Villa–Sosa's immigration history. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.